IN THE MATTER OF THE BANKRUPTCY OF A. BORBA,

ON PROCEEDINGS FOR DISCHARGE OF BANKRUPT.

APPEAL FROM DECISION AND ORDER OF JUDGE COOPER, CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT.

HEARING, APRIL 2, 1894.    DECISION, MAY 8, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The court below found that the bankrupt had $200 in his possession the same being part of the assets of his estate, and held that before the bankrupt could have his discharge he must pay the said $200 to the assignee.

No reason appearing for this Court to reverse this ruling, the appeal is dismissed.

OPINION OF THE COURT, BY BICKERTON, J.

The bankrupt filed his petition for discharge, and the matter came on for hearing in the Circuit Court of the First Circuit, on October 3d, 1893, the assignee appearing and objecting to the discharge on several grounds, but only relying on one, viz. : the refusal of the bankrupt to deliver to the assignee $335.14 in cash, which it was claimed he had in his possession at the time he was adjudicated a bankrupt. The Court, after hearing evidence and argument then and there deciding, that on the said bankrupt paying to the assignee the sum of $200 he shall be granted a discharge. From this decision the bankrupt, by his attorney, appealed to this Court and the matter is now here on said appeal. It appears there was a question between the assignee and the bankrupt as to what had become of the sum of $335.14 which the bankrupt should have had in hand. He claimed that he had brought

$130 with him to Honolulu and the balance, some $200, he had used for family expenses. Finally the assignee allowed him $135.14 and took his two notes for the $200. Borba acceded to this arrangement. Afterwards the notes were destroyed by the assignee upon his being advised that they were of no value. The bankrupt now claims that he understood he was released from that liability and that the amount was allowed him. The assignee did not so understand the transaction, but claims that he told the bankrupt that he held him liable for the said $200. The evidence that comes up to us is very meager indeed and counsel say there was considerable more taken; we can only consider what is here and of record. The Court below heard all the evidence, saw the witnesses, and consequently was able to judge of the character of the evidence introduced, and found as a fact that the $200 in question belonged to the assets of the estate, and should be paid over to the assignee, and therefore made the discharge of the bankrupt conditional on the payment of this sum to the assignee. We cannot find from the record here any reason for interfering with the order made by the lower Court.

The appeal is dismissed.

*Carter & Carter*, for the bankrupt.

*F. M. Hatch*, for the assignee.